107919-5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD DOMBROWSKI,   CIRCUIT CIVIL DIVISION

    Plaintiff,   CASE NO. 3:21-cv-01199-BJD-PDB

vs.

WILSON et. al.,

    Defendants.
_____
/

## DEFENDANTS FONGEALLAZ, SELPH, AND LEE'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendants K. Fongeallaz, J. Selph, and I. Lee, by and through the undersigned attorneys, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and state as follows:

I.A. These defendants admit that the allegations of plaintiff's name and ID number appear to be correct; otherwise, denied.

I. B. These defendants do not have knowledge sufficient to admit or deny the information related to defendants 1-3; therefore denied. Admitted that K. Fongeallaz, J. Selph, and I. Lee have been named as defendants; denied that they have any liability, and otherwise denied.

CASE NO. 3:21-cv-01199-BJD-PDB

II.A. Admitted that Plaintiff is asserting a claim under sec. 1983; denied that the claim is valid, and otherwise denied.

II. B. Denied, including paragraphs 1 though four of Attachment C-1 that are incorporated by reference (Doc. 1, pp. 6-7).

II.C. No allegation is made here, so no response is necessary. If a response is deemed necessary, denied.

II. D. Denied.

   **Attachment D (Doc. 1 pp. 9-18):**

   1. Not known, therefore, denied.

   2. Admitted that Plaintiff is incarcerated; otherwise, denied.

   3. Not known, therefore, denied.

   4. Not known, therefore, denied.

   5. Not known, therefore, denied.

   6. Not known, therefore, denied.

   7. Not known, therefore, denied.

   8. Not known, therefore, denied.

   9. Not known, therefore, denied.

   10. Not known, therefore, denied.

   11. Not known, therefore, denied.

CASE NO. 3:21-cv-01199-BJD-PDB

12. Not known, therefore, denied.

13. Not known, therefore, denied.

14. Not known, therefore, denied.

15. Not known, therefore, denied.

16. Not known, therefore, denied.

17. Not known, therefore, denied.

18. Not known, therefore, denied.

19. Not known, therefore, denied.

20. Not known, therefore, denied.

21. Not known, therefore, denied.

22. Not known, therefore, denied.

23. Not known, therefore, denied.

24. Not known, therefore, denied.

25. Not known, therefore, denied.

26. Not known, therefore, denied.

27. Not known, therefore, denied.

28. Not known, therefore, denied.

29. Not known, therefore, denied.

30. Not known, therefore, denied.

CASE NO. 3:21-cv-01199-BJD-PDB

31. Not known, therefore, denied.

32. Denied as phrased.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Not known, therefore, denied.

39. Not known, therefore, denied.

40. Not known, therefore, denied.

41. Not known, therefore, denied.

42. Not known, therefore, denied.

43. Not known, therefore, denied.

44. Not known, therefore, denied.

45. Not known, therefore, denied.

46. Not known, therefore, denied.

47. Not known, therefore, denied.

48. Not known, therefore, denied.

49. Not known, therefore, denied.

50. Not known, therefore, denied.

51. Not known, therefore, denied.

52. Not known, therefore, denied.

53. Not known, therefore, denied.

54. Not known, therefore, denied.

55. Not known, therefore, denied.

56. Not known, therefore, denied.

III. Admitted that Plaintiff is a convicted and sentenced state prisoner.

IV.A. No allegation is made here, so no response is necessary. If a response is deemed necessary, denied.

IV.B. Denied. As for the reference to Attachment D, Defendants incorporate their aforesaid responses to that Attachment as if set forth herein.

IV.C. Denied. As for the reference to Attachment D, Defendants incorporate their aforesaid responses to that Attachment as if set forth herein.

IV.D. Denied. As for the reference to Attachment D, Defendants incorporate their aforesaid responses to that Attachment as if set forth herein.

V. Denied, including all subparts. As for the reference to Attachment D, Defendants incorporate their aforesaid responses to that Attachment as if set forth herein.

VI. Denied, including all subparts of Attachment E.

VII. Denied, including sub-parts A through G.

VIII. Not known, therefore, denied as to all allegations in this section.

IX. These are not allegations directed towards a defendant and so no response is necessary. To the extent a response is deemed necessary, denied.

## GENERAL DENIAL

Defendants deny each and every allegation set forth in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint does not sufficiently allege violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. § 1983. The Complaint in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:

> a. Defendants objectively subjected Plaintiff to a deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and
>
> b. Defendant(s) subjectively demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's health and safety.

2. Plaintiff's Complaint is barred by the non-joinder of parties under Fed. R. Civ. P. 19.

3. Defendants will rely upon all defenses available to them under Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Defendants deny they breached any duties and deny they were negligent or violated the constitutional rights of Plaintiff in any manner. At all times, Defendants were guided by and strictly observed all the legal duties imposed upon them by the United States Constitution, Federal Statutes, and common law.

5. Defendants are not liable for any exemplary or punitive damages under 42 U.S.C. § 1983.

6. Defendants did not violate any of Plaintiff's clearly established Constitutional rights of which Defendants were or should have been aware.

7. Plaintiff's alleged injuries and/or resulting damages, did not occur as set forth in the Complaint.

8. Plaintiff's alleged injuries and/or resulting damages, if any, are attributable to entities and/or persons other than Defendants.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence. Additionally, Plaintiff was negligent in not adequately informing medical staff of the alleged health condition. Any alleged damages

CASE NO. 3:21-cv-01199-BJD-PDB

sustained by Plaintiff were proximately caused totally or in part by his own negligence and/or willful acts, and any recovery by the Plaintiff must therefore be diminished in whole or in part.

10. Plaintiff's claims are barred by 42 U.S.C. § 1997e for failure to exhaust available administrative remedies.

11. Defendants are entitled to dismissal because their actions were not wanton and reckless with regard to the rights of Plaintiff. At all times Defendants exercised medical judgment.

12. Plaintiff's Complaint violates the appropriate statute of limitations.

13. Defendants are entitled to qualified immunity.

14. Defendants specifically reserve the right to add any other Affirmative and/or Special Defenses, as may become known or discovered in the course of subsequent investigation or discovery.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable as of right by a jury.

*/s/ Peter Bartoszek*
Peter Bartoszek, Esquire
Florida Bar No. 1015519
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for K. Fongeallaz, J. Selph, and I. Lee 390 N. Orange Ave., Suite 1000

CASE NO. 3:21-cv-01199-BJD-PDB

Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118
ORLcrtpleadings@wickersmith.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF and furnished by U. S. Mail on March 28, 2023, to: Harold Dombrowski, DC# K68864, HAMILTON CI, ANNEX, 11419, S. W. County Road, Jasper, FL 30252.

*/s/ Peter Bartoszek*
Peter Bartoszek