**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HAROLD DOMBROWSKI,

        Plaintiff,

v.                                                              Case No. 3:21-cv-1199-WWB-PDB

WILSON, et al.,

        Defendants.

_____

## <u>ORDER</u>

Plaintiff, a state inmate, is proceeding through counsel on a civil rights complaint against six Defendants for injuries he received when he was working in the kitchen at Hamilton Correctional Institution in 2020.  (*See* Doc. 1; *see also* Doc. 38).  As relevant to the motions before the Court, Plaintiff alleges Defendants Wilson, Cobb, and Jelks violated his right to be free from cruel and unusual punishment by forcing him to work in unsafe conditions, and Defendants Cobb and Jelks were deliberately indifferent to his serious medical needs.

Before the Court are Plaintiff's Opposed Motion to Compel (Doc. 58) and Plaintiff's Motion for Sanctions (Doc. 69), both of which relate to Defendants Wilson's, Cobb's, and Jelks's discovery responses or lack thereof.  Defendants separately responded to the Motion for Sanctions (Doc. Nos. 79–81), but they never responded to the Motion to Compel in which Plaintiff complains about Defendants' responses and objections to the August 28, 2023 ("**Round 2**") discovery requests.  (*See generally* Doc. 58).  Although unclear, it appears Defendants did not respond to Plaintiff's Motion to Compel because,

in the Motion, Plaintiff represents that the parties spoke the day the Motion was filed and "agreed to try to work through [their] differences," (*id.* at 2), which prompted the Court twice to direct the parties to file a joint notice on the status of the discovery disputes raised in the Motion.  (*See* Doc. Nos. 60, 64).  The parties have filed two joint notices, (*see* Doc. Nos. 61, 68), but they are unhelpful to the Court in assessing which issues remain and which are moot: both address all four rounds of discovery Plaintiff propounded on Defendants, whereas the Motion to Compel relates solely to Round 2 discovery requests, and the parties imply without explanation that some of the matters raised in the Motion to Compel have been resolved.  (*See* Doc. 61 (explaining that two Defendants provided "more complete answers to several Interrogatories . . . [that] appear[ed] more helpful, but [which] counsel for Plaintiff ha[d] not [yet] been able to fully evaluate" and requesting more time to make a "fuller joint report"); Doc. 68 (explaining that counsel "ultimately received all responses from Defendant Wilson and Cobbs [sic]")).

In his Motion for Sanctions, Plaintiff contends that Defendants have "fail[ed] to fully participate in discovery."  (*See* Doc. 69 at 1).  But he also concedes that, after conducting four rounds of discovery, "[he] was able to secure critical discovery."  (*Id.*).  He complains that some answers to Interrogatories remain unverified; some objections were untimely and therefore waived; Defendant Wilson failed to show for her deposition; and Defendant Jelks provided no responses to the third round of discovery.  (*See generally id.*).  As relief, Plaintiff seeks entry of a default judgment against Defendant Jelks, "full[]" responses to all discovery requests with objections and claims of privilege being deemed waived as untimely or for failure to provide a privilege log, and for Defendant Wilson to submit to a deposition.  (*Id.* at 13).  In response, defense counsel notes that Plaintiff's counsel was

aware she was having trouble contacting her clients, including Jelks, who admittedly did not "provide any responses to [the third] round of discovery," and Wilson, who admittedly did not show up for her deposition after defense counsel "informed Plaintiff that she had sent the notice to Wilson but was unable to verify if she had received the notice." (*See* Doc. 79 at 2; Doc. 80 at 2; Doc. 81 at 2). Defendants maintain that, despite some communication problems, "it appears Plaintiff has received [all] discovery," and Plaintiff has suffered no prejudice from any unintentional delay. (*See generally* Doc. Nos. 79–81). Defense counsel requests additional time "to provide verified responses to all interrogatories and all requests for production *if* any are outstanding." (*See* Doc. 79 at 7; Doc. 80 at 9; Doc. 81 at 8 (emphasis added)).[1]

Upon review of the parties' filings, the Court is unsure what issues in the Motion to Compel warrant this Court's attention, if any. Aside from confusion already noted, Plaintiff contends in the Motion for Sanctions that Round 2 Interrogatory responses were late, but in the Motion to Compel, he says, "Defendants timely responded to Interrogatories." (*See* Doc. 69 at 5, 6, 8; Doc. 58 at 8). Additionally, Plaintiff acknowledges in his Motion to Compel that he "agreed to a three-week extension for production" but fails to account for the extension in subsequent filings, maintaining the responses were 22 or 23 days late.

---

[1] The Court is confounded by the suggestion that it is unclear whether discovery responses remain outstanding. The Court has extended the discovery deadline numerous times, most recently allowing the parties to take out-of-time depositions, and twice directed the parties to file joint notices about the status of the Motion to Compel, a directive that presupposes good-faith conferral. (*See* Doc. Nos. 53, 60, 64, 78). The Court is compelled to remind counsel that discovery in the district should be practiced with a spirit of cooperation and civility, and the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

(*See* Doc. 58 at 8; *see also generally* Doc. Nos. 61, 68, 69).  Defense counsel confirms "there [had] been discussions to extend time to respond to discovery by the previous [defense] counsel" and Plaintiff's counsel.  (*See* Doc. 79 at 6; Doc. 80 at 5; Doc. 81 at 6). It appears perhaps there was a breakdown in communication given the high turnover rate at the Attorney General's Office.  (*See* Doc. Nos. 79–81).  In any event, the parties agree that Defendants responded to Round 2 discovery requests on October 18 and 19, 2023, which is about three weeks after the discovery deadline.  (*See* Doc. Nos. 61, 68).

A review of the Motion to Compel, the Motion for Sanctions, the parties' joint notices, and Defendants' individual responses to the Motion for Sanctions demonstrate that Plaintiff has received extensive and "critical" discovery.  (*See, e.g.*, Doc. 69).  With respect to the Motion for Sanctions, to the extent Plaintiff seeks sanctions related to other rounds of discovery, those discovery requests and responses are not addressed in the Motion to Compel, and a request for sanctions related to the Motion to Compel is redundant.  In the spirit of conserving scarce judicial resources and considering Rule 1 of the Federal Rules of Civil Procedure, the Court will deny Plaintiff's Motions without prejudice to Plaintiff's right to renew his motion to compel if any issues that demand this Court's intervention are outstanding.  If Plaintiff renews his motion to compel, it must relate solely to issues raised in the original Motion to Compel.  The Court will not entertain any new or other discovery disputes.  The parties must confer in *good faith* prior to the filing of any renewed motion to compel, and Plaintiff must explain the nature of the conferral efforts made to resolve any outstanding discovery disputes before again seeking this Court's intervention.  Additionally, the Court will not entertain any further requests for

extensions of the deadlines absent extraordinary circumstances beyond the parties' control.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Compel (Doc. 58) is **DENIED without prejudice** to his right to renew the motion, appropriately narrowed to issues the parties cannot themselves resolve after conferring in good faith. Any renewed motion must be filed within **fourteen days** of the date of this Order. If Plaintiff renews his motion to compel, any Defendant to which the motion is directed must file a response within **seven days**.

2. Plaintiff's Motion for Sanctions (Doc. 69) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on May 16, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6 5/14

c:      Counsel of Record