IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD DOMBROWSKI
DOC# K68864,

      Plaintiff,

v.                                Case No.: 3:21-cv-1199-WWB-PDB

WILSON, ET AL.,

      Defendants.

_____/

### DEFENDANTS' MOTION FOR TAXATION OF COSTS

Defendants Wilson, Cobbs, and Jelks ("Defendants"), through undersigned counsel and pursuant to Rule 54(d)(1), Fed. R. Civ. P., file this Motion to Tax Costs and respectfully request an award of costs. In support, Defendants state:

### JURISDICTION AND PROCEDURAL HISTORY

1.     This Court has jurisdiction over Eighth Amendment Claims pursuant to 42 U.S.C. §1983.

2.     On June 18, 2024, Defendants filed a Motion for Summary Judgment. *See* (Doc. 87).

3.     On October 17, 2024, this Court issued an Order granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's case. (Doc. 105).

1

4.      Defendants are the prevailing party. The Clerk's Judgment was entered on

October 18, 2024. *See* (Doc. 106).

## MOTION FOR TAXATION OF COSTS

5.      Defendants seek the costs incurred in obtaining transcripts for use in this case

and copying and printing costs under 28 U.S.C. § 1821 (2024).

## MEMORANDUM OF LAW

The Federal Rules state:

> Costs other than Attorneys' Fees. Except when express provision
> therefore is made either in a statute of the United States or in these
> rules, costs ... shall be allowed as of course to the prevailing party
> unless the court otherwise directs ...

Fed. R. Civ. P. 54(d)(1). The "prevailing party" is "[a] party in whose favor a

judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of*

*Health & Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835 (2001) (citation omitted).

While the court has discretion in considering a motion to tax costs, *see*

*Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir. 1996), that

discretion is limited. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("Although

the district court has discretion to deny a prevailing party costs, such discretion is

not unfettered"). "To defeat the presumption and deny full costs, a district court must

have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th

Cir. 2000). The court can consider the financial status of the non-prevailing party;

however, when considering such financial circumstances, the non-prevailing party should be required to provide substantial documentation of a true inability to pay and "a court may not decline to award any costs at all." *Id.* at 1039. Further, the court should not compare the financial resources of the parties as such would unduly prejudice parties with assets and undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.* Here, pursuant to a jury verdict in their favor, Defendants were the prevailing party on all claims. (Doc. 105).

Costs may be taxed against indigents. *See Harris v. Forsyth*, 742 F.2d 1277 (11th Cir. 1984). The costs authorized by statute, 28 U.S.C. §1920, are recoverable by the prevailing party, Rule 54(d), FRCP. The non-prevailing party bears the burden of demonstrating that a cost is not taxable. *Monelus v. Tocudrian*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009); *Ass'n for Disabled Americans, Inc. v. Integra Report Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The necessary fees for printed or electronically recorded transcripts and copy costs are taxable. 28 U.S.C. § 1920(2), (4). Witness attendance fees and reasonable travel costs are taxable. 28 U.S.C. §1821.

Finally, Defendants hereby request that any cost awarded by the Court bear interest from the date of the original final judgment (December 22, 2023). *See* (Doc. 69). "When a district court taxes costs against a losing party, the award of costs bears

interest from the date of the original judgment." *Procaps v. Patheon, Inc.*, 2016 WL 411017 (S.D. Fla. 2016) citing *Bank Atlantic v. Blythe Eastman Pain Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) and *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009) (entering interest on costs award in favor of defendant after the Court granted its summary judgment motion and entered a final judgment).

WHEREFORE, Defendants respectfully moves this Court for an order of judgment taxing costs in the amount of $2,130.39 for Defendants' costs and interest against Plaintiff and in favor of Defendants.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
1300 Riverplace Blvd., Ste. 405
Jacksonville, FL 32207
Telephone: (904) 467-4659
Facsimile: (850) 488-4872

*/s/ Broderick Taylor*
**Broderick Taylor, Esq.**
Senior Assistant Attorney General
Florida Bar No.: 0648574
Broderick.Taylor@myfloridalegal.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Motion for Taxation of Costs* was e-filed through CM/ECF a copy of which is delivered to opposing counsel James Cook, also on November 6, 2024, and mailed by electronic mail to: James Cook, Esq., 314 W. Jefferson Street, Tallahassee, FL 32301, cookjv@gmail.com.

/s/ Broderick Taylor
**Broderick Taylor, Esq.**
Senior Assistant Attorney General

AO 133    (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

### for the

### Middle District of Florida

| | | |
|---|---|---|
| HAROLD DOMBROWSKI,<br>Plaintiff<br>v.<br>WILSON, et al.,<br>Defendants | ) ) ) ) ) ) | Case No.: 3:21-cv-1199-WWB-PDB |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___10/18/2024___ against ___Plaintiff___ ,
                                                                  *Date*

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk .................................................................. | $ | |
| Fees for service of summons and subpoena ........................................ | | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | | 2,117.34 |
| Fees and disbursements for printing ............................................... | | 13.05 |
| Fees for witnesses *(itemize on page two)* ......................................... | | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case............................................ | | |
| Docket fees under 28 U.S.C. 1923 ................................................ | | |
| Costs as shown on Mandate of Court of Appeals .................................. | | |
| Compensation of court-appointed experts ......................................... | | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | | |
| Other costs *(please itemize)* ...................................................... | | |
| TOTAL | $ | 2,130.39 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☐  Electronic service          ☑  First class mail, postage prepaid

☐  Other: _____

s/ Attorney: _____

Name of Attorney: Broderick Taylor, Esq. _____

For: _____Chatara Wilson, Selena Cobbs, and Quashonia Jelks_____          Date: ___11/06/2024___
                    *Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

_____     By: _____     _____
*Clerk of Court*                        *Deputy Clerk*                        *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| | Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **NAME , CITY AND STATE OF RESIDENCE** | **ATTENDANCE** | | **SUBSISTENCE** | | **MILEAGE** | | | **Total Cost Each Witness** |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | | |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | **TOTAL** | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.