# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

HAROLD DOMBROWSKI,
    Plaintiff,

vs.

WILSON, et al.,
    Defendant.

CASE NO. 3:21-cv-1199-WWB-PDB

## MOTION FOR EXTENSION OF TIME TO FILE APPEAL

Comes now the Plaintiff, HAROLD DOMBROWSKI, and respectfully moves this Court for an Order for Extension of Time to File Notice of Appeal, pursuant to Fed.R.App.P. 4(a)(5), permitting the late filing of a Notice of Appeal due to technical difficulties encountered with the electronic filing system, and would show as follows:

1. On October 18, 2024, the Court entered final judgment in this case. The deadline for filing a Notice of Appeal was November 17, 2024, which was a Sunday. Plaintiff drafted and prepared to file his Notice of Appeal on November 12, 2024, a Tuesday. Counsel recalls following the steps for the entry of the Notice of Appeal and recalls concluding the process by filling out the on-line form for payment of the $605.00 appeal fee.

2. The appellate filing fee was paid at the time of the effort to file the Notice of Appeal. Plaintiff's American Express invoice, Exhibit 1, attached, shows the filing fee payment entered on November 12, 2024, and the Clerk

1

of the Middle District confirmed the Receipt No. AFLMDC-22710949 was reflected in its payment system which also reflects payment on November 12, 2024. Counsel was not e-mailed a receipt for the $605 payment and the docket does not reflect the filing of the Notice of Appeal. Plaintiff also has an Adobe Acrobat pdf of the Notice of Appeal, with metadata showing a creation date of November 12, 2024, at 2:45:10 p.m., Exhibit 2, attached, along with the pdf itself, Exhibit 3, attached.

   3.  Counsel believed that he had completed the process on November 12, 2024, and is not sure what prevented the filing – a mis-click, browser issues, or some other technical issue. Plaintiff has an Adobe Acrobat pdf Notice of Appeal, Exhibit 3, attached hereto, and the metadata in Properties" shows a creation date of November 12, 2024 at 2:45 p.m., attached as Exhibit 2.

   4.  Pursuant to Fed.R.App.P. 4(a)(5)(A), the District Court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

5. Counsel's failure to effect the filing was unknowing and inadvertent and counsel believed at the time that he had completed the filing with the payment of the fee. Evidence shows that the transaction was undertaken on November 12, 2024, though not ultimately effective. Plaintiff submits that technical issues may constitute good cause or excusable neglect.

6. For the foregoing reasons, the Plaintiff respectfully requests that this Court grant the motion to extend time to file the appeal and accept the Notice of Appeal as timely filed.

## MEMORANDUM OF LAW

"[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell,* 551 U.S. 205, 209, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007). Under Fed.R.App.P. 4(a)(1)(A), parties must file notice of appeal "within thirty days after the entry of [any civil] judgment, order or decree." But see Fed.R.Civ.P. 4(a)(5), providing that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." In *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, the U.S. Supreme Court held that an attorney's inadvertent failure to file a proof of claim within the bar date could constitute excusable neglect. The Court rejected a line of cases

stating that excusable neglect only arises where failure is due to forces beyond the control of the movant, noting that the term "neglect" encompasses both faultless omissions and omissions caused by carelessness. 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

As to what constitutes "excusable" neglect, the Court said that although ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, the term is an elastic concept. *Id.* at 392. The determination of whether a failure to effect a filing is "excusable" is at bottom an equitable one, taking into account all of the circumstances, including: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395. Under Fed. R. App. P. 4(a)(5)(A)(i), (ii), a district court may extend the time to file a notice of appeal if a party moves for such extension no later than 30 days after the time for filing a notice of appeal expires and the party shows excusable neglect or good cause.

Excusable neglect or good cause exists to extend the deadline to file the notice of appeal. The notice of appeal was due on November 17, 2024. Counsel for Plaintiff attempted and partly completed the process of filing

4

the Notice of Appeal on November 12, 2024. Plaintiff seeks to extend time to file within the 30 day period thereafter. The process for filing an appellate case is not an everyday task and it is clear that at least part of the process was effectively completed in good faith since the payment of the appellate filing fee was made in the course of the Counsel's effort to file.

Congress intended that the courts would be permitted, where appropriate, to accept late filings caused by excusable neglect. The defendants would not be prejudiced by the extension as the delay was minimal and would have no impact on the proceedings.

Plaintiff, through counsel, has conferred in good faith with opposing counsel per Local Rule 3.01(g) and counsel does not object to the Motion.

Respectfully submitted on 12/13/24,   *s/James V. Cook*
JAMES V. COOK, FBN 966853
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

I CERTIFY the foregoing was filed electronically on 12/13/24 to counsel of record registered to be notified by the CM/ECF electronic mail system.

*s/James V. Cook*
JAMES V. COOK